THE HONORABLE, THE ASSEMBLY Legislature
1975 Assembly Resolution 47 requests my interpretation of the term "legal settlement" as used in sec. 121.77 (1), Stats., which provides: *Page 302 
 "121.77 Admission of nonresident pupils. (1) Every elementary school and high school shall be free to all persons of school age who reside in the school district. If facilities are adequate, a school board may admit nonresident pupils who meet the entrance requirements to the schools of the school district. Nonresident pupils shall have all the rights and privileges of resident pupils and shall be subject to the same rules and regulations as resident pupils. The school board shall charge tuition for each nonresident pupil, except a nonresident pupil having legal settlement, as defined in s. 49.10, in the school district."
You ask specifically ". . . does a student who is a minor and who moves with his family from school district A to school district B maintain legal settlement in school district A for one year, and hence retain the right to attend school in school district A without paying tuition, when no member of the student's family is receiving public assistance?"
Chapter 102, Laws of 1959, which created sec. 49.10, Stats., relating to legal settlement, was discussed in 50 OAG 86 (1961), wherein it was noted that the purpose of ch. 102, Laws of 1959, was to "fix responsibility for support of a dependent upon the political subdivision which presumably benefited from his productive years."
Section 49.10 (2), Stats., provides that a minor has the legal settlement of his father if living or his mother if his father is dead or in event of legal change of custody, the legal settlement of the child is the same as the person having custody.
Earlier legislation did use the concept of "legal settlement" in the adjustment of public school tuition for minor students who were a public charge. (See ch. 430, sec. 2, Laws of 1935.) This legislation was repealed by ch. 122. Laws of 1941. Thereafter, use of the concept of legal settlement was not employed until the enactment of ch. 45, Laws of 1967 which recreated sec. 40.91 (1). In the recodification process instituted by ch. 92, Laws of 1967, this section was renumbered 121.77 (1). It was amended to its present form by ch. 313, Laws of 1967. There is nothing in the history of this legislation to indicate that the Legislature intended to qualify or otherwise limit the term "legal settlement" or to limit the effect of the incorporation of sec. 49.10 into sec. 121.77 (1). *Page 303 
Section 49.10, Stats., applies to all residents of the State of Wisconsin. A determination of legal settlement becomes a necessary factor only when an individual has been the beneficiary of a public grant or service and the liability for the cost of which the disbursing municipality or agency seeks to fix by determining the legal settlement of the beneficiary.
Under the facts which you relate, the legal settlement of the minor student would remain in district A for a period of one year (49.10 (7)). The answer to your question, therefore, is yes, the minor student would be entitled to attend school district A tuition free but only for a period of one year. Without going into the complexities of sec. 49.10, it should be observed that legal settlement of the minor student could extend beyond the period of one year if, for instance, a dependent person's support were received before the end of the year.
BCL:JWC